# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Todd Rose

### DEFENDANTS
City of Chester

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arthur D. Goldman, Law Office of Arthur D. Goldman, LLC, P.O. Box 115, Paoli, PA 19301, 484-343-2856

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 1201, et seq.

Brief description of cause:
Police office subje4ct to disability discriminatiion

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 250,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: August 15, 2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __918 Porter Street, Chester Township, PA 19013__
Address of Defendant: __1 Fourth Street, Chester, PA 19013__
Place of Accident, Incident or Transaction: __Chester, PA__

**RELATED CASE IF ANY:**
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐   No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____   _____   _____
                        *Attorney-at-Law (Must sign above)*   *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☒ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Arthur D. Goldman__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __8/15/24__   _____   __56983 (PA)__
                    *Attorney-at-Law (Sign here if applicable)*   *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
|  | : | CIVIL ACTION |
| v. | : |  |
|  | : |  |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

_8/15/24_     _Arthur D. Goldman_     _[signature]_
**Date**          **Attorney-at-law**          **Attorney for** Todd Rose

_484-743-2856_    _610-296-7730_    agoldman@arthurgoldmanlaw.com
**Telephone**       **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD ROSE**<br>918 Porter Street<br>Chester Township, PA 19013, | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | |
| v. | : <br> : | NO. |
| **CITY OF CHESTER**<br>1 Fourth Street<br>Chester, PA 19013, | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant | : <br> : | |

## COMPLAINT OF PLAINTIFF TODD ROSE

Plaintiff Todd Rose ("Officer Rose" or "Plaintiff"), by and through his attorney, Law Office of Arthur D. Goldman, LLC, complains of the Defendant City of Chester ("Chester" or "Defendant"), as follows:

### INTRODUCTION

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff Todd Rose, to redress intentional violations by the Defendant City of Chester, of rights secured to him by laws of the United States of America and the statutory and common law of the Commonwealth of Pennsylvania for violations of federal and state laws relating to unlawful disability discrimination, retaliation, and related claims.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951, *et seq.*

## JURISDICTION AND VENUE

3. This action arises under 28 U.S.C. §1331 which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. §1343(4) and 29 U.S.C. §216(b), and over the state law claims pursuant to the doctrine of pendant jurisdiction.

5. This Court has jurisdiction over Plaintiff's state claims pursuant to its supplemental jurisdiction as codified at 28 U.S.C. §1367.

6. Plaintiff has exhausted all administrative remedies, having filed a timely complaint of disability discrimination and retaliation on with the Equal Employment Opportunity Commission ("EEOC") and with the Pennsylvania Human Relations Commission ("PHRC"), Charge Number 530-2024-02397 and has taken all other steps necessary to bring this action before this Court.

7. The EEOC was not able to resolve the controversy and issued a "right to sue" letter to the Plaintiff, dated May 17, 2024, and received May 21, 2024, informing and advising the Plaintiff that it was unable to resolve the controversy as described to it and that it was not prepared to take further efforts.

8. The Plaintiff has timely filed this action within the proscribed ninety days following receipt of the "right to sue" letter which was dated May 17, 2024, and received May 21, 2024. Venue is proper pursuant to 42 U.S.C. §1391(b).

9. Declaratory, injunctive and equitable relief are sought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951, et seq.

10. Compensatory and punitive damages are sought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951, et seq; and other damages are sought, including but not limited to back pay and front pay and other lost benefits.

11. Costs and attorneys' fees are sought pursuant to Americans with Disabilities Act, 42 U.S.C. §§12101 et seq. ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951, et seq.

## PARTIES

12. Plaintiff Todd Rose is a 51 year-old adult male residing at 918 Porter Street, Chester Township, PA 19013, with a date of birth of December 21, 1972.

13. Defendant The City of Chester was founded in Norristown, Pennsylvania, United States and is located in Montgomery County, Pennsylvania, is one of 29 intermediate units formed by the Pennsylvania General Assembly in 1971 to provide support to local school districts and has its principal location at 1 Fourth Street, Chester, PA 19013.

## FACTUAL ALLEGATIONS
### General Facts and Background

14. Officer Rose has been a police officer since 2004, having worked at the Transportation Security Agency previously, and was hired as a "Patrol Officer" on September 22, 2004 and has continued since with the same title.

15. Since April 13, 2020, Officer Rose has been out on medical leave as a result of injuries sustained while working for Chester.

3

16. Specifically, on that date, Officer Rose was injured following a crash during a high speed vehicular chase for a suspect who was eventually apprehended with $30,000.00, sustaining a concussion, a herniated disc in his neck, and sciatica and lower back problems.

17. Officer Rose's medical disabilities are well-supported by medical documentation.

18. Officer Rose was hired at a salary of approximately $38,000.00 in 2004 and has a current salary of $60,000.00 but with overtime and other compensation and if a corporal, over $115,000.00 annually.

19. Throughout his nearly twenty (20) years of employment, Officer Rose has received consistently satisfactory evaluations.

20. At some time in or around May 2021, Officer Rose became aware that there were three corporal vacancies which were going to be posted, and which he had the opportunity to submit a bid for promotion.

21. On July 30, 2021, Officer Rose took the civil service exam and passed.

22. When Officer Rose took the civil service exam, there were three other applicants, and his scores put him in third place out of the four.

23. In or around February 2022, after applying for the promotion, Officer Rose received what he thought was a personal phone call, from the Chester Chief of Police, Steven Gretsky, who seemed concerned and asked Officer Rose how he was progressing with his recovery.

24. In response, Officer Rose explained that he wanted to get back to work, however he would possibly need a neck operation.

25. Roughly three or four weeks later, Chief Gretsky he called Officer Rose back, and while Officer Rose was on a speaker phone, Chief Gretsky asked if Officer Rose still wanted to be a corporal or detective.

26. Chief Gretsky continued by telling Officer Rose that he could just place him on a special detail when he returned to work, seemingly dismissing the possibility of Officer Rose getting the promotion.

27. In response, Officer Rose explained he was definitely interested in the corporal promotion.

28. Officer Rose was stunned when Chief Gretsky replied, "Well, we have to at least interview you," implying that Officer Rose did not really have a chance for the promotion because of his injuries.

29. On March 15, 2022, while in the interview for the promotion, the same Chief of Police, Steven Gretzky, made inquiries into Officer Rose's medical condition, and asked him if he was scheduled for any surgeries; this was said in front of the Mayor, T. Kirkland, another officer, Major Katrina Blackwell, and a city clerk Candice Thompson.

30. These were unscheduled and additional questions, and upon further investigation, Officer Rose found out that no other candidates were asked any medical-related or disability-related questions.

31. After the interview, Officer Rose recalled the prior phone call in which Chief Gretsky insinuated that he was forced to go through with the process but that Officer Rose would probably not be promoted.

32. It was at this point that Officer Rose knew that he was not being truly considered for the promotion.

33. On around May 16, 2022, Officer Rose was then moved from third out of four on the list of candidates and placed at fourth out of four because the other three candidates were all promoted ahead of him.

34. On April 23, 2023, almost a year later, one of the other corporals was promoted to sergeant, leaving a corporal/detective position vacant.

35. Historically, Officer Rose or any other candidate would then be promoted the same day to the vacant corporal position, as Officer Rose had seen this happen dozens of times throughout his years of service.

36. Unfortunately, and unexpectedly, Officer Rose was not called or offered any promotion for the vacant position.

37. In early May 2023, Officer Rose then contacted his Union President, Sergeant Jonathan Ross, who agreed that Officer Rose should have been immediately promoted and should not be held back as a result of any long-term disability.

38. Officer Rose's union, the Fraternal Order of Police, filed a grievance and attempted to get him his due promotion, as he was the only patrolman who was qualified to be promoted.

39. Shockingly, the City of Chester and Chief Gretsky denied the grievance.

40. Later, in September 2023, the Union met with the receiver for the city (appointed by state) and city employees to go over the grievances /arbitrations.

41. On September 23, 2023, in City Council chambers, during Officer Rose's grievance review, Chief Gretsky stated that he was not promoting an injured person and that he needed people that were currently on the street (i.e. not currently disabled).

42. There was no effort whatsoever to make reasonable accommodations for Officer Rose.

43. As of the current date, Officer Rose was denied the promotion despite being the only officer employed who was qualified for the position, with several positions open.

44. This was a clear instance of retaliation against Officer Rose.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§12101 *et seq.*

45. Plaintiff hereby incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46. Defendant failed to make reasonable accommodations of Plaintiff's disability, even though his disability did not prevent him from performing the essential functions of many positions with Defendant.

47. Defendant's responses to Plaintiff's demonstrated disabilities were to refuse to promote him to a position for which he has clearly qualified and to in fact retaliate against him by refusing another opportunity in retaliation for his filing a grievance based on allegations of disability discrimination.

48. After Plaintiff communicated to Defendant his intention to file a charge of discrimination with the EEOC, Chester has continued to refuse to promote Officer Rose in retaliation against him.

49. The willful actions of Defendant and its employees in discriminating against Plaintiff were part of a pattern and practice of disability discrimination on the part of Defendant in violation of the ADA.

50. The act of punishing Plaintiff following his filing of a grievance, was an illegal retaliation in violation of the ADA.

51. As a result of the willful and unlawful actions of the Defendant, the Plaintiff has been caused to suffer a severe loss of professional status and reputation in the community of her peers.

52. As a result of the willful and unlawful actions of Defendant, Plaintiff has been caused to suffer serious losses of pay, benefits and other employee renumerations, an undeserved and painful diminution of his ability to provide himself and his family with the earned rewards of excellence in his career of loyalty and effort on behalf of Defendant, emotional distress and humiliation, and a loss of life's pleasures.

53. Defendant violated the Americans with Disabilities Act, 29 U.S.C. §§621 *et seq.*, in that it discriminated and retaliated against Plaintiff on account of his disability.

## COUNT II

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. §§955 *et seq.*

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 above as though fully set forth herein.

55. The PHRA prohibits discrimination and retaliation against individuals on the basis of disability.

56. Defendant violated the provisions of the Pennsylvania Human Relations Act, 43 P.S. §§955 *et seq.*, in that it discriminated against Plaintiff on account of his disabilities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Todd Rose demands judgment in his favor and against Defendant City of Chester as follows:

(a) Enter a declaratory judgment that the Defendant's acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured to him by federal and state legislative enactments;

(b) Require the Defendant to promote the Plaintiff to the position for which he was qualified prior to the discrimination, and to give the Plaintiff full wages and benefits commensurate with that position;

(c) Award to the Plaintiff past and future damages for loss of income, growth opportunities and all benefits denied him due to the improper and unlawful actions of the Defendant;

(d) Award to the Plaintiff damages in compensation for his emotional distress, humiliation, loss of reputation and status in the community of his peers, and the loss of his ability to provide himself and his family with the rewards of his years of excellence in his chosen profession;

(e) Grant to the Plaintiff liquidated damages as allowed pursuant to the ADA;

(f) Grant to the Plaintiff costs, disbursements and reasonable attorneys' fees as allowed under the ADA; and

(g)     Grant to the Plaintiff such additional relief as the Court deems necessary and proper under the circumstances.

Respectfully submitted,

Law Office of Arthur D. Goldman, LLC
By: Arthur D. Goldman, Esquire
Attorney I.D. No. 56983
Attorney for Plaintiff Todd Rose
P.O. Box 115
Paoli, PA 19301

Dated: August 15, 2024

## **CERTIFICATION**

I, Arthur D. Goldman, Esquire, attorney for Plaintiff Todd Rose, pursuant to 28 U.S.C. §1746, herby certify under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information and belief.

_____
Arthur D. Goldman, Esquire

Dated: August 15, 2024